**JOHN VAN CURA and MARIE VAN CURA, Plaintiffs**

v.

**HUMBERTO DELGADO, Defendant**

Civil No. 308/1981

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

January 20, 1982

---

ALEXANDER A. FARRELLY, ESQ., St. Thomas, V.I., *for plaintiffs*

RICHARD D. KEELING, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This case is now before the Court on plaintiff's motion for partial summary judgment. For the reasons hereinafter articulated the motion will be denied.

On or about February 4, 1980, plaintiff John Van Cura and defendant were involved in an automobile accident in which said plaintiff suffered personal injury. The investigating police officer issued a traffic citation to defendant charging him with driving while intoxicated and with negligent driving. Thereafter, on March 24, 1980, defendant, through counsel, entered a plea of guilty to the negligent driving charge and the charge of driving while intoxicated was dismissed. The instant suit was subsequently instituted and the motion now before the Court was made by plaintiffs John Van Cura and Marie Van Cura.[1] Plaintiffs seek an order adjudging that defendant is estopped to deny his negligence as a result of his conviction of the charge of negligent driving upon his guilty plea. Plaintiffs assert that this is an appropriate case for the application of offensive collateral estoppel. Defendant argues to the contrary.

■ There is no doubt that the doctrine or concept of offensive collateral estoppel has become the law of this jurisdiction. Martin v. Frett, 1980 St. T. Supp. 478 (D.V.I. 1980). In that case, the district court, recognizing that the determination should be made on a case-by-case basis when the application of the doctrine would not be unfair to the previously bound party,[2] held that the doctrine could appropriately be applied "when the issue to be litigated was necessarily determined during a criminal trial in the government's favor".

---

[1] Plaintiff Marie Van Cura asserts a claim for loss of consortium etc.

[2] The court cites Parklane Hosiery Co. v. Shane, 439 U.S. 322, 331 (1979) together with RESTATEMENT (SECOND) OF JUDGMENTS § 88 (Tent. Draft No. 2, April 15, 1975) as authority for this limitation.

128

In the case at bar defendant's guilty plea, made through counsel, does not rise to a level which would permit the application of the doctrine. This Court has taken judicial notice of the record made in Government of the Virgin Islands v. Humberto Delgado, Traffic No. 1062/80 (Terr. Ct., March 24, 1980).[3] The totality of that record follows:

> MR. HODGE: Mr. Delgado has agreed to enter a plea of guilty to negligent driving, and the Government has dismissed the other charge. And on behalf of Mr. Delgado, I'd like to say that he works in Martin Marietta full time, and also he's a member of the National Guard.
> This is his first offense in ten years of having had his license.
> THE COURT: Very well.
> ATTORNEY GENERAL: Your Honor, we entered this plea bargain because we cannot prove that Mr. Delgado was intoxicated at the time of the accident. So we do move to have those charges dismissed.
> THE COURT: Very well. That charge stands dismissed.
> Mr. Delgado, do you plead guilty to negligent driving?
> MR. DELGADO: Yes, Your Honor.
> THE COURT: Very well.
> It will be the sentence of the Court, Mr. Delgado, that you pay a fine of $45.00. See the marshal and make arrangements to pay, please.

■ It is to be noted that Rule 11, Fed. R. Crim. P. was totally disregarded. At no time was the defendant advised of the elements of the offense to which he entered his guilty plea. The government conceded its inability to prove intoxication and moved to dismiss on those grounds. How then, can one say that this plea was knowing and voluntary, that the elements of the charge were ever "litigated" or, in fact, that the plea was not an "Alford plea".[4] Considered in this light, this Court is compelled to decline to hold that the operative facts underlying liability were "fully litigated" or "necessarily determined" in a criminal trial.[5] In the view of this Court, a contrary holding would do violence to the threshold requirement that

---

[3] Rule 201(b), Fed. R. Evid.

[4] North Carolina v. Alford, 400 U.S. 25 (1970).

[5] Frett is distinguishable on its facts because the issue of intoxication was, in that case, fully litigated in a court *trial*, and guilt determined on the evidence adduced.

129

the doctrine's application not be unfair to the previously bound party. Parklane Hosiery Co. v. Shane, 439 U.S. 322, 331 (1979).